**Joe BRASFIELD, et al., on Behalf of Themselves and All Other Similarly Situated Employees, Plaintiffs,**

v.

**SOURCE BROADBAND SERVICES, LLC, and C–Cor, Inc., Defendants.**

**No. 2:08–2092–MlV.**

United States District Court,
W.D. Tennessee,
Western Division.

May 23, 2008.

Donald A. Donati, William B. Ryan, Donati Law Firm LLP, Memphis, TN, Donald H. Nichols, Paul J. Lukas, Rachhana T. Srey, Nichols Kaster, PLLP, Minneapolis, MN, Thomas Franklin Donaldson, Jr., Thomas F. Donaldson, Jr., Attorney at Law, Marion, AR, for Plaintiffs.

George William Singleton, Louis P. Britt, III, Marcy N. Ingram, Ford & Harrison, LLP, Memphis, TN, Benjamin D. Briggs, Michael D. Kaufman, Matthew R. Almand, Troutman Sanders, Atlanta, GA, Robert M. Williams, Jr., Baker Donelson Bearman Caldwell & Berkowitz, Memphis, TN, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

DIANE K. VESCOVO, United States Magistrate Judge.

Before the court is the May 12, 2008 motion of the plaintiffs, Joe Brasfield, et al., on behalf of themselves and all other similarly situated employees ("the Plaintiffs"), requesting this court to grant a protective or-der requiring the defendants, Source Broadband Services, LLC ("SBS"), and C–COR, Inc. ("CCOR")(collectively "the Defendants"), to take the depositions of the opt-in Plaintiffs residing outside this forum in the city and state where each currently resides. The Plaintiffs argue that the protective order is necessary to uphold the policy behind the Fair Labor Standards Act ("FLSA") and to prevent undue expense and burden. SBS has filed a response in opposition to the motion arguing that the Plaintiffs have chosen this forum and should be required to appear for a deposition. For the reasons that follow, the Plaintiffs' motion is granted.

## BACKGROUND

This is a case brought under the FLSA alleging that the Defendants failed to pay the Plaintiffs overtime compensation for work performed in excess of forty hours per week. There are currently twenty-three named Plaintiffs, seven of whom joined as "opt-in" plaintiffs by filing consent forms with the court. (Pls.' Mem. 2; Defs.' Resp. 2.) Of the seven opt-in plaintiffs, several of them both worked for the Defendants and currently reside outside of the forum district. (Pls.' Mem. 2.) On April 24, 2008, C–COR noticed the Plaintiffs' depositions to be taken in Memphis.[1] (Defs.' Resp. 2.) The Plaintiffs filed their motion for conditional class certification on April 28, 2008. (Mot., Doc. No. 31, Apr. 28, 2008.) Plaintiffs from both in and out of Tennessee have filed declarations in support of the motion for class certification. (Defs.' Resp. 4.)

The current discovery dispute arises because the Plaintiffs and the Defendants have been unable to reach an agreement regarding the location for the depositions of the plaintiffs who opted-in and currently reside out-of-state. Purportedly at issue is whether the opt-in plaintiffs who reside in places such as Columbus, Ohio; Houston, Texas; Dayton, Ohio; and Knoxville, Tennessee, must travel to Memphis in order to be deposed.[2]

---

1. SBS has notified the Plaintiffs that it will conduct its depositions of employees who worked for SBS at the same time and place as those of C–COR.

2. SBS contends that the Plaintiffs' motion only seeks protection for "out-of-state" opt-in plaintiffs and therefore the plaintiff residing in Knoxville, Tennessee, must travel to Memphis. While

## 449

In seeking the protective order, the Plaintiffs argue that the FLSA has a broad remedial purpose, i.e., that similarly situated employees with often small claims may pool their resources together to prosecute their claims. (Pls.' Mem. 4–5.) They claim that the opt-in plaintiffs did not choose the current forum, rather that they simply joined in an already existing lawsuit in order to vindicate their rights in a cost effective manner. The Plaintiffs contend that requiring these out-of-state opt-in plaintiffs to travel hundreds of miles for a deposition would destroy any benefits gained by proceeding as a class under the FLSA. *(Id.* at 5–6.)

In contrast to the Plaintiffs' position, SBS wants all of the Plaintiffs to come to Memphis for their depositions, and it argues that this is not an unreasonable request because it was the Plaintiffs who chose the Western District of Tennessee as their forum. (Defs.' Resp. 3.) SBS contends that it is entitled to examine the claims of the Plaintiffs residing in distant locations in order to determine if there is a colorable claim that all the Plaintiffs are similarly situated. *(Id.* at 4.) It claims that it is more efficient to require an individual plaintiff to travel to Memphis than to require the Defendants and their lawyers to travel to the out-of-state opt-in plaintiffs' locations. *(Id.* at 3.)

Several communications and negotiations took place between the two sides before the Plaintiffs filed this motion. In attempting to reach a compromise, the Plaintiffs informed the Defendants that they would be deposing the out-of-state opt-in plaintiffs' managers and supervisors and suggested that it would be more effective to depose all individuals at once. (Pls.' Mem. 3.) They also offered to make the out-of-state opt-in plaintiffs available for deposition via video conference. *(Id.)* In response, the Defendants have offered to delay the deposition dates for the out-of-state plaintiffs at issue if they agree to appear in Memphis. *(Id.)*

this position is literally correct, the court construes the Plaintiffs' usage of "out-of-state" opt-in plaintiffs as encompassing all plaintiffs residing in places a great distance from Memphis. It would make little sense to require a plaintiff residing in Knoxville, almost 400 miles away, to

### ANALYSIS

■ Under the Federal Rules of Civil Procedure, the location of a deposition is initially selected by the party noticing the deposition. *See* FED.R.CIV.P. 30(b)(1). When a dispute arises as to the location of a deposition, the court has wide discretion regarding designation of the time and place of the deposition. *See* FED.R.CIV.P. 26(c)(1)(B); *Lomax v. Sears, Roebuck & Co.,* No. 99–6589, 2000 WL 1888715, at \*3 (6th Cir. Dec. 19, 2000) (unpublished opinion). The court's broad discretion to designate a time and place for a deposition is derived from Rule 26(c), which allows a court, for good cause, to issue protective orders in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED.R.CIV.P. 26(c)(1); *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1987 n. 13, 167 L.Ed.2d 929 (2007)(discussing how Rule 26 confers broad discretion to set appropriate terms and conditions on discovery). In addition to allowing a court to set a time and place for a deposition, Rule 26(c) also grants the court similar discretion to specify terms for a deposition or prescribe different discovery methods in lieu of an actual in-person deposition. *See* FED.R.CIV.P. 26(c)(1)(B), (C).

In complex cases, "[d]epositions are often overused and conducted inefficiently, and thus tend to be the most costly and time-consuming activity." MANUAL FOR COMPLEX LITIGATION (Fourth) § 11.45 (2004). When it comes to controlling the use of depositions, "the court should use the information provided by the parties about the need for the proposed depositions, the subject matter to be covered, and the available alternatives." *Id.* § 11.451. In addition, "[a]side from setting appropriate limits, the judge should also be concerned with the time and place of the depositions, including proposed travel and the recording methods." *Id.*

travel to Memphis for a deposition while protecting a plaintiff in Dayton, only 130 miles farther. The burdensome travel is relatively equal for both. As such, the opt-in plaintiff residing in Knoxville is considered an "out-of-state" opt-in plaintiff for purposes of this motion.

One of the important benefits of the FLSA is that it allows employees to file actions as a group that might not get filed individually because common resources may be pooled together, thus reducing costs to the individual plaintiffs. This efficient resolution of claims is an important policy consideration behind the FLSA and a great benefit to the judicial system as a whole. *See Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)(discussing the benefits of collective actions); *Geer v. Challenge Fin. Investors Corp.*, No. 05–1109–JTM, 2007 WL 1341774, at *3 (D.Kan. May 4, 2007)(noting the benefit of collective actions under the FLSA); *Crawford v. Lexington–Fayette Urban County Gov't*, No. 06–299 JBC, 2007 WL 293865, at *7 (E.D.Ky. Jan. 26, 2007)(finding that the objective of the FLSA is to lower costs to plaintiffs and limit the controversy to one proceeding).

In the present case, the plaintiffs residing far away from Memphis have opted-into this lawsuit. They did not choose the forum; the forum was chosen for them. Had the opt-in plaintiffs not joined this suit, they would be forced to file an individual suit in their home forum, thus destroying the benefit to the judicial system of a collective action and efficient resolution of the matter. As such, it cannot be said that they must make themselves available here because they are responsible for choosing the forum. Furthermore, considering the policy behind the FLSA encouraging collective actions so that plaintiffs may pool their resources, requiring the out-of-state opt-in plaintiffs to travel to Memphis for a deposition would place a burden on them that would cancel much of the benefit gained by joining in the collective action.

The Plaintiffs have made multiple proposals in an effort to resolve this dispute, including scheduling the depositions to coincide with depositions to occur at a later time in the same cities and offering to use video conferencing. The Defendants have shown no real willingness to compromise. Also, the Defendants have given no reason why the subject matter to be covered in the out-of-state opt-in plaintiffs' depositions is so significant that it requires an in-person oral deposition. The court sees no reason why the relatively simple, straightforward issues in this case would require a deposition that could not be conducted by alternative means, such as the phone or video conferencing. Accordingly, in an effort to support the policies behind the FLSA and alleviate unnecessary burden, the out-of-state opt-in plaintiffs will not be required to travel to Memphis for an oral deposition.

CONCLUSION

For the reasons above, the Plaintiffs' motion for a protective order is GRANTED.

Any plaintiff who has opted-into this lawsuit and lives more than one hundred (100) miles from Memphis, Tennessee, shall not be required to travel to Memphis for an oral deposition. If the Defendants wish to take an in-person oral deposition of such a plaintiff, they may travel to that plaintiff's city of residence. The Defendants may also use alternative means such as the telephone or video conferencing.